LORNA E. HILDEBRAND, Respondent-Appellant, *v.* PHILO F. HILDEBRAND, Appellant-Respondent

Third Department, March 5, 1964.

*Alan J. Friedlander* (*Betty D. Friedlander* of counsel), for respondent-appellant.

*Hoover & Peterson* (*J. R. Hoover* of counsel), for appellant-respondent.

HERLIHY, J. This is an appeal from a judgment dismissing the action for separation and simultaneously declaring the marriage between the parties to be null and void.

The defendant husband appeals from that part of the judgment which declared the marriage null and void and granted alimony and counsel fees. The plaintiff wife appeals from the award of alimony and counsel fees on the ground of inadequacy.

The defendant in 1944 procured a Mexican "mail order" divorce from his first wife and shortly thereafter he and the plaintiff were married in a civil ceremony performed in Connecticut. In 1957 plaintiff commenced an action praying for a decree of separation and for alimony and counsel fees. The matter was heard before a Referee and during the course of the trial, the validity of their marriage became an issue. The defendant, over plaintiff's objection, was permitted to amend his answer and to deny the validity of the marriage to the plaintiff on the ground that his Mexican divorce from his first wife was a nullity.

The plaintiff then moved and received permission to serve a supplemental complaint demanding judgment that the marriage

between the parties be declared null and void. The answer interposed by the defendant admitted that the marriage was void and also demanded that it be declared null and void.

The Referee reported and recommended to Special Term that the marriage be declared null and void and that the plaintiff be awarded permanent alimony of $25 per week and counsel fees in the amount of $1,250.

When the matter came before Special Term for final determination, the court held that the Mexican divorce was void; that the plaintiff did not know the divorce was void until 1958; that the marriage between the plaintiff and defendant was a nullity and that defendant was entitled to judgment against the plaintiff dismissing the complaint for the separation action. The court granted alimony and counsel fees in the amount recommended by the Referee.

The defendant on this appeal relying upon the doctrine of *res judicata*, argues that Special Term erred in granting plaintiff an annulment as the separation action instituted by the plaintiff determined the marriage status.

The defendant, in his amended answer to the separation action, first raised the issue that the marriage was a nullity. He could have counterclaimed in that action for an annulment, however he chose not to do so. The plaintiff thereafter correctly moved to serve a supplemental complaint demanding judgment that the marriage between the parties be declared null and void. This relief being granted, the defendant then answered in the annulment action alleging the facts concerning the marriage and likewise demanding judgment declaring the marriage to be null and void.

At this point in the proceeding it was discretionary with either party to move for a dismissal of the separation action but their failure to do so is of no consequence as the eventual order and judgment which declared the marriage null and void likewise dismissed the separation action and accordingly established no basis for a claim of *res judicata*.

*Presbrey* v. *Presbrey* (6 A D 2d 477, affd. 8 N Y 2d 797) is not controlling. In that case the factual situation was that a successful prosecution of an action for separation was held to operate as a bar to a subsequent action for annulment, the status of the marriage having been adjudicated in the separation action. As already noted, the disposition of the actions for separation and annulment was simultaneous so that neither resulted in a prior judgment.

There is no merit to defendant's additional contentions as to election of remedies and the application of section 1134, of

the Civil Practice Act (now Domestic Relations Law, § 140, subd. [a]).

The plaintiff and defendant appeal from the award of alimony and counsel fees but we are satisfied that the Referee's recommendation adopted by Special Term as to the alimony was a discretion with which we will not interfere. As to the award of counsel fees, while it would appear that the attorney for the plaintiff performed additional services as a result of the defense interposed by the defendant, the question of the reasonable value of his services was before the Referee and Special Term and we find no premise for interfering with their evaluation.

The judgment should be affirmed.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Judgment affirmed, without costs.